UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11-cr-208-WKW-TFM |
| | ) | [wo] |
| LEE ANTHONY LOVVORN | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  The defendant, Lee Anthony Lovvorn ("Lovvorn" or "Defendant"), was charged in an indictment on December 13, 2011, with one count of knowingly receiving child pornography that had been shipped and transported in and affecting interstate and foreign commerce using a computer connected to the internet in violation of 18 U.S.C. § 2252A(a)(2) (Doc. 1, filed December 13, 2011).  Pending before this Court is a *Motion to Suppress* (Doc. 15, filed March 21, 2012) "any items seized, statements made, and any fruits of those items and statements."

The Court held an evidentiary hearing on the motion on April 5, 2012 (Doc 23, filed April 5, 2012).  Based on the evidence presented to the Court,  arguments of the parties, and for the reasons herein the Court concludes that the motion to suppress is due to be **DENIED**.

**II.   FACTS**

On October 29, 2003, the defendant married Julie Lovvorn ("Julie").  *See* Doc. 15 at 2.  On

February 5, 2005, Lovvorn and Julie had their only child together. *Id.* In July of 2009, Defendant and Julie separated and Julie moved out of the residence. *Id.* On December 2, 2009, Defendant, through his attorney, filed a petition for divorce. *Id.* Julie answered the petition on December 4, 2009. *Id.* On that same day, Julie went to the Coffee County Sherriff's Office and spoke with multiple investigators. *Id.* After Julie's interview with Investigator Johnny Knowles ("Investigator Knowles"), Julie wrote and signed the following affidavit:

> I walked in on my daughter's father, Mr. Lee Anthony Lovvorn viewing child pornography on his computer with my daughter, [F.L.] in the room with him. When I walked into the room my husband, Mr. Lee Anthony Lovvorn, was masturbating and my daughter was sitting on the floor beside his chair. In the past, Mr. Lovvorn has owned and sold pornography on a web site, I am aware of this due to statements made to me by my husband himself. My husband has been viewing pornography over the past few years. Every time I have caught him viewing pornography it has been of teenage girls. While my daughter is in the home, he and my daughter sleep in the same bed. My daughter is in temporary custody of my husband and I am concerned about her safety at this time.

*Id.*

Investigator Knowles subsequently prepared an application with a supporting affidavit for the purpose of receiving a search warrant. *See* Doc. 15 at 3. The application and the affidavit were submitted to Coffee County District Judge Paul Sherling. In the affidavit, Investigator Knowles said:

> On December 4, 2009 I along with other investigators with the Coffee County Sheriff's Department spoke with Julie Ann Lovvorn. She reported the following to investigators and me concerning minor child F.L. and her father, Anthony Lee Lovvorn. She stated that he owns a home computer that contains child pornography, and has other websites where he sold child and adult pornography. She stated that she witnessed over the past several years him viewing child pornography and masturbating while watching child pornography. She stated that on one occasion she witnessed him viewing child pornography with minor child present. She states that while child is in his custody, minor child shares the same bed with Anthony Lee Lovvorn. At this time, minor child is in the temporary custody of Anthony Lee Lovvorn and Attached to this Affidavit is a sworn affidavit of Julie Ann Lovvorn

stating the above facts.

*Id.* Based on the application and affidavits submitted by Investigator Knowles, as well as representations made by Investigator Knowles, Judge Sherling issued a search warrant for the residence and property of Lovvorn. *Id.* The warrant authorized the search for "[a]ny and all evidence pertaining to child pornography and/or pornography items to-wit computers, dvd's, videos and photographs." *See* Doc. 16-4.

The search warrant was executed on December 4, 2009. *See* Doc. 15 at 3. Coffee County officials searched Lovvorn's residence and seized the following items: "[s]even (7) VHS tapes; one (1) sex toy; one (1) Dell computer with modem: two (2) Kodak disposable cameras; and one (1) vibrator." *Id.* Subsequently on January 10, 2010, Investigator Knowles turned the Dell computer over to Alabama Bureau of Investigation ("ABI") for forensic analysis. *See* Doc. 15 at 4. The forensic analysis was finalized on August 18, 2011, and revealed 9,196 images and 131 videos of possible child pornography saved to the hard drive and to an unallocated space of the hard drive. *See* Doc. 20 at 4. Lovvorn asserts that this evidence was obtained as a "result of the illegal search and seizure of his computer and thus, should be excluded." *See* Doc. 15 at 4.

### III.   ISSUES

Lovvorn raises three issues for judicial review:

(1)  Whether the district judge who issued the warrant had probable cause to believe that Lovvorn's house contained child pornography on December 4, 2009;

(2) If the Court finds a lack of probable cause, whether the *Leon* "good faith" exception applies; and

(3) Whether the nineteen month delay in completing the forensic analysis resulted in an

unreasonable delay and amount to a violation of Lovvorn's Fourth Amendment rights. *See* Doc. 15 at 4.

### IV. DISCUSSION

Probable cause is a requirement placed upon government officials to justify intrusions upon private interests that are protected by the Fourth Amendment. *See Ornelas v. United States*, 517 U.S. 690, 695, 116 S. Ct. 1657, 1661, 134 L. Ed. 2d 911 (1996). The Supreme Court has found that precisely articulating what "probable cause" means is not possible because it is a "commonsense, nontechnical" concept that involves "'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *Id.* (quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)). The Supreme Court found probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. *Id.* at 696, 116 S. Ct. at 1661 (citing *Brinegar*, 338 U.S. at 175–176, 69 S.Ct. at 1310–1311; *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).

Prior to issuing a warrant, an impartial judicial officer must determine whether the police have probable cause to make an arrest, conduct a search, or seize "evidence, [. . .] instrumentalities, fruits of crime, or contraband." *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 301, 87 S. Ct. 1642, 1647, 18 L. Ed. 2d 782 (1967). The judicial officer is required to make an independent assessment of all of the facts and circumstances that are present in the warrant applicant, which includes the supporting affidavit(s), to determine if it "contains a sufficient amount of information to support a finding of probable cause." *United States v. Martin*, 297 F.3d 1308, 1317 (11th Cir. 2002). The evidence presented in the warrant application must provide the judicial officer with a

"substantial basis" to determine that probable cause exists. *Jones v. United States*, 362 U.S. 257, 269, 80 S. Ct. 725, 735, 4 L. Ed. 2d 697 (1960) *overruled on other grounds by U. S. v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980). The Eleventh Circuit has found that substantial basis for probable cause "exists where the totality of the circumstances set forth in the affidavit provides sufficient information for a magistrate to determine that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Gonzalez*, 940 F.2d 1413, 1419 (11th Cir. 1991) (quoting *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33). When the search warrant is issued for the purpose of searching one's home, the accompanying affidavits "must supply the authorizing magistrate with a reasonable basis for concluding that Defendant might keep evidence of his crimes at his home." *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) (citing *United States v. Feliz,* 182 F.3d 82, 87–88 (1st Cir.1999)).

Lovvorn asserts that Coffee County District Judge Paul Sherling did not have probable cause that Lovvorn's house contained child pornography on December 4, 2009. *See* Doc. 15 at 5.

The Court finds otherwise. The affidavit alleges:

> On December 4, 2009 I along with other investigators with the Coffee County Sheriff's Department spoke with Julie Ann Lovvorn. She reported the following to investigators and me concerning minor child F.L. and her father, Anthony Lee Lovvorn. *She stated that he owns a home computer that contains child pornography, and has other websites where he sold child and adult pornography. She stated that she witnessed over the past several years him viewing child pornography and masturbating while watching child pornography.* She stated that on one occasion she witnessed him viewing child pornography with minor child present. She states that while child is in his custody, minor child shares the same bed with Anthony Lee Lovvorn. At this time, minor child is in the temporary custody of Anthony Lee Lovvorn and Attached to this Affidavit is a sworn affidavit of Julie Ann Lovvorn stating the above facts.

Doc. 15 at 3. (Emphasis added).

Barebone though the affidavit may be, the highlighted portions of the affidavit are an

accurate and sufficient synopsis of the information given to investigator Knowles by Ms. Lovvorn. From the affidavits of Mrs. Lovvorn and investigator Knowles, Judge Sherling had ample reason to believe 1) Defendant Lovvorn had a home computer, 2) Defendant Lovvorn kept child pornography on his home computer, 3) Defendant Lovvern has kept and used the computer for a number of years, and 4) Defendant Lovvorn has kept and used the computer to view pornography related to teenage girls. Child pornography tends to be retained for years as discussed infra, then sufficient facts were before the District Judge to find probable cause and issue the warrant.

Specifically, Lovvorn claims the supporting affidavits are deficient to justify the issuance of the search warrant because: 1) the affidavit lacked recent information; 2) there were misrepresented facts in Investigator Knowles' affidavit; 3) Investigator Knowles acted in bad faith; and 4) the warrant was issued on a deliberate or recklessly false affidavit. *See* Doc. 15 at 5-6, 8- 9.

First, Lovvorn asserts that because the affidavits that accompanied the warrant application did not contain any specific dates of when the events may have occurred and only states that Lovvorn had been seen viewing child pornography "over the past few years" that the district judge could not have had probable cause to believe that the child pornography was in his house on December 4, 2009. *See* Doc. 15 at 5-6. However, at the April 5, 2012 hearing on the Motion to Supress, Investigator Knowles testified that Julie told him that she last saw child pornography on the computer in March of 2009. *See* Doc. 24 at 12. Investigator Knowles also testified that in addition to submitting the warrant application and accompanying affidavits, he also had a conversation with Judge Sherling about the facts of his case. *See* Doc. 24 at 15. Investigator Knowles testified that it is a very common practice for the judge or magistrate to ask about the case that officers have, and the judge did so in this case. *See* Doc. 24 at 16. Investigator Knowles stated

that at the time of the hearing he is unable to state unequivocally that he gave such additional facts to Judge Sherling, but he did have a conversation about the case with Judge Sherling. *Id.*

The Eleventh Circuit has decided that a judge or magistrate can make an independent assessment of probable cause despite partly basing the warrant on undocumented oral testimony from the affiant. *United States v. Martin*, 297 F.3d 1308, 1311, 1317-18 (11th Cir. 2002). In *Martin*, the Court determined that, although it was unclear what exactly was said during that conversation between the officer and the judge, the judge's review of the affidavits along with undocumented oral testimony established an independent assessment of probable cause. *Id.* at 1317. Here, the Court is faced with similar facts. Judge Sherling read the warrant application, the accompanying affidavits, and questioned Investigator Knowles regarding the facts of the case, and then issued the warrant. It is unclear whether Judge Sherling was told about the March 2009 incident, but the Court is required to give "great deference" to a judge's or magistrate's determination of probable cause. *Id.* There is no evidence that Judge Sherling altogether abandoned making an independent assessment based on all of the evidence before him, thus the Court finds Judge Sherling had the appropriate information to make a determination of probable cause.

Lovvorn argues the information about the March, 2009, incident was stale because it preceded the issuance of the search warrant by nine months. A probable cause showing may grow "stale" if enough time has passed between the incident in question and the issuance of a warrant. *United States v. Grubbs*, 547 U.S. 90, 96, 126 S. Ct. 1494, 1499, 164 L. Ed. 2d 195 (2006) (citing *United States v. Wagner*, 989 F.2d 69, 74 (2d Cir. 1993)). "[T]he facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not

simply as of some time in the past" *Id.*

The issue of staleness has been found by several courts to be unique in nature where the case involves child pornography. The Sixth Circuit upheld a search warrant that was obtained eight months after the defendant was initially suspected to have received child pornography. *United States v. Wagers*, 452 F.3d 534, 540 (6th Cir.2006); *See also United States v. Lemon*, 590 F.3d 612, 614-15 (8th Cir. 2010) (finding that information on possession of child pornography two years prior was not stale). The Court stated that it found its "opinion today is consistent with the views of our sister circuits" and noted that "evidence that a person has visited or subscribed to websites containing child pornography supports the conclusion that he has likely downloaded, kept, and otherwise possessed the material." *Id.* (citing *United States v. Martin*, 426 F.3d 68, 77 (2d Cir.2005); *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir.2004). The Second Circuit has also stated that "[w]hen a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes." *United States v. Irving*, 452 F.3d 110, 125 (2d Cir.2006); *see also United States v. Lacy*, 119 F.3d 742, 746 (9th Cir.1997); *United States v. Peden*, 891 F.2d 514, 518-19 (5th Cir.1989). Another reason that the staleness issue is unique when involving child pornography is that most cases involve images and videos that have been stored on a computer which are "not easily eliminated from a computer's hard drive" because "mere deletion of a particular file does not necessarily mean that the file cannot later be retrieved." *United States v. Toups*, 206-CR-112-MEF, 2007 WL 433562 (M.D. Ala. Feb. 6,

2007).[1] The Eleventh Circuit has thus far been silent on this issue, and although this Court is not bound by the holdings of other jurisdictions, the Court finds them to be persuasive and consistent.[2]

Here, there was a nine month delay between the last reported instance of child pornography found on the computer by Julie and the date in which Judge Sherling found sufficient probable cause to issue the search warrant of Lovvorn's residence. The Court finds that because this case involves child pornography stored on a computer hard drive, a known incident that occurred nine months prior is sufficient to allow Judge Sherling to establish that there is a fair probability that the images would be found where they were purported to be.

Lovvorn also asserts that Investigator Knowles misrepresented facts in his affidavit, that the affidavit was done in bad faith, and therefore the warrant was issued on a deliberate or reckless false affidavit. *See* Doc. 15 at 6, 8- 9. Lovvorn asserts that there are inconsistencies between Julie's affidavit and Investigator Knowles' affidavit based primarily on the fact that Investigator Knowles consistently referencing "child pornography," while Julie mainly referenced "pornography." Although Lovvorn is correct that "child pornography" is only referenced one time in Julie's affidavit, that single reference is fatal to Lovvorn's argument. Julie continuously cites to Lovvorn's

---

[1] The Court notes that other U.S. District Courts have come to the same conclusion. *See, e.g.*, *United States v. Eberle*, No. CRIM. 05-26, 2006 WL 1705143, at *1 (W.D. Pa. June 15, 2006) (noting that even when a computer has been "wiped," where "all files and data associated with a prior user from a hard drive [are deleted]," the data may still be retrieved through forensic procedures); *United States v. Fazio*, 1:05CR00014ERW(LMB), 2006 WL 1307614, at *9 (E.D.Mo. May 9, 2006) ("Even when ... files have been 'deleted,' they are not really permanently removed from the computer but can be recovered months or years later.").

[2] Although the Eleventh Circuit and the Supreme Court have not addressed this specific issue, they have ruled consistent with these notions on other matters. *See Andresen v. Md.*, 427 U.S. 463, 478 n.9 (1976) (information not stale despite 3-month gap between transactions on which warrants based and issuance of warrant because "eminently reasonable to expect that such [fraudulent real estate] records would be maintained ... for a period of time"); *U.S. v. Harris*, 403 U.S. 573, 579 n.* (1971) (information not stale when informant reported buying whiskey from defendant "within the past 2 weeks" and purchase was part of ongoing relationship between informant and defendant); *U.S. v. Bervaldi*, 226 F.3d 1256, 1264-65 (11th Cir. 2000) (6-month-old information not stale because information that suspect resided at address came from defendant and was corroborated by police).

possession, viewing, and masturbating to "pornography;" however, she goes on to state that "[e]very time I have caught him viewing pornography it has been of teenage girls." It is very clear that Julie is supplementing all her previous statements by clarifying that all of those instances involved child pornography and not adult pornography.

Lovvorn next takes issue with the fact that Julie only said "teenage girls" and not minor children as Investigator Knowles included in his affidavit. Investigator Knowles interviewed Julie prior to either of them drafting an affidavit. Julie is not legally educated and could not be expected to draft an affidavit that clearly states the legal issues. Here, Investigator Knowles used the information that he learned in the course of his investigation, which both he and Julie testified that she had said "very young girls" and "young, preteen ages," to draft his affidavit according to what he heard. *See* Doc. 24 at 14, 61. Lovvorn also points to an inaccuracy involving the sale of pornography. *See* Doc. 15 at 6. Julie only asserts that Lovvorn sold adult pornography; however, Investigator Knowles' affidavit states that Lovvorn sold both adult and child pornography. *See* Doc. 24 at 78-79; Doc. 15 at 3. The entire interview with Julie involved the possession and viewing of child pornography, it is reasonable for Investigator Knowles to believe that Julie was referring to both child and adult pornography. This Court does not find any evidence of bad faith on the part of Investigator Knowles.

Lovvorn argues that the good faith exception rule in *Leon* is void. *See* Doc. 15 at 8. The Eleventh Circuit has interpreted the *Leon* "good faith exception" to stand for the principle that "courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002) (citing *United States v. Leon*,

468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).  The *Leon* "good faith exception" applies in all but four circumstances:

> (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth";
>
> (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in";
>
> (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and
>
> (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."

*Id.* (citing *Leon*, 468 U.S. at 923, 104 S. Ct. At 3405) (internal quotation marks omitted).  Lovvorn asserts that Investigator Knowles' affidavit requires the Court to look at the first and third exemption to the "good faith exception."  *See* Doc. 15 at 9-10.  However, since this Court has already determined that there is no evidence of bad faith on the part of Investigator Knowles and that the affidavits contained enough information to allow Judge Sherling to make a probable cause determination, the Court finds this argument moot.

Finally, Lovvorn argues that an unreasonable delay between the seizure and the subsequent search of his computer is a violation of the Fourth Amendment.  *See* Doc. 15 at 11.  Lovvorn cites to the holding that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'"  *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009) (quoting *United States v. Jacobsen*, 466 U.S. 109, 124, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).  The facts in *Mitchell* are distinguishable from this case.  In *Mitchell*, a search

warrant was not sought until twenty-one days after the police took possession of the computer's hard drive. *Id.* at 1349. The Court held that the actions of the police were unreasonable where the delay was due to law enforcement's belief that there no reason to rush.[3] *Id.* at 1353. Here, we have no such voluntary relinquishment of property, nor do we have a delay in obtaining a search warrant. Investigator Knowles already had the search warrant prior to seizing the property. The property was taken to the Coffee County Police Station, and then turned over to the Alabama Bureau of Investigation ("ABI"). The ABI returned the results of their forensic investigation nineteen months after the seizure from Lovvorn's residence occurred. There was no evidence presented that Lovvorn sought to have his property returned or was prejudiced in any way, nor has there been any assertions against the chain of custody or the authenticity of the evidence. The ABI has only one location in the state. The court therefore finds it is reasonable to believe that the delay was caused by nothing more than a backlog of cases.

## V. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Defendants' Motion to Suppress (Doc. 15) be DENIED.

It is further ORDERED that the parties file any objections to the this Recommendation on or before **May 3, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[3] *Jacobsen*, which was quoted in *Mitchell,* similarly involved the search warrant being obtained after the property was seized. *Jacobsen*, 466 U.S. at 109, 104 S.Ct. at 1654.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 24th of April, 2012.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE